## Smith and Saulsberry v. Commonwealth.

### (Decided February 17, 1925.)

### Appeal from Daviess Circuit Court.

Intoxicating Liquors—Evidence Relating to Accused's Unlawful Possession Held Sufficient to go to Jury.—Evidence relating to accused's unlawful possession of intoxicating liquor held sufficient to go to jury.

ELMER L. BROWN and W. E. AUD for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Sampson—Affirming.

The question presented is whether the evidence introduced by the Commonwealth was sufficient to carry the case to the jury and sustain a verdict of guilty on a charge of possessing intoxicating liquors, in violation of law.

Appellant Smith and one Saulsberry were jointly indicted, tried and convicted, but Smith alone appeals.

The two men were operating a pool room and soft drink stand in Owensboro. There was a stairway from this room to a second story. When the officers, with a search warrant, arrived to search the place appellant Smith was in charge downstairs. He had a key to the door leading upstairs. No intoxicants were found in the pool room. However, when appellant opened the door to the upstairs and the officers went up they found a gang of colored men up there with Saulsberry playing craps and cards, and a jug of whiskey on ice in a refrigerator. No one could tell whether the place belonged to Saulsberry and Smith or to one or the other of them. They had been jointly running it for a long time. Appellant testified for himself that he was merely a clerk or

hired man taking care of the lower floor and did not have anything to do with the upstairs and did not know of the liquor up there, and was, therefore, not guilty.

The evidence of appellant Smith's connection with the place and the fact that he had a key to the room in which the whiskey was kept made his guilt a question for the jury, and warranted the jury in concluding that he jointly possessed liquor with Saulsberry.

The court properly submitted the question of fact to the jury.

Judgment affirmed.